# Supreme Court of Florida

_____

No. SC13-1751
_____

**IN RE:  AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE; NEW RULES FOR QUALIFIED AND COURT-APPOINTED PARENTING COORDINATORS.**

[July 3, 2014]

PER CURIAM.

The Committee on Alternative Dispute Resolution Rules and Policy (ADR Committee) has filed a petition proposing amendments to the Family Law Rules of Procedure and new Rules for Qualified and Court-Appointed Parenting Coordinators. [1]  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

_____

1.  The ADR Committee was created in 2003 and charged with monitoring court rules governing alternative dispute resolution policies and procedures, and making recommendations as necessary to improve the use of mediation, arbitration, and other forms of alternative dispute resolution to supplement the judicial process.  See In re Committee on Alternative Dispute Resolution Rules and Policy, Fla. Admin. Order No. AOSC03-32 (July 8, 2003).  Along with its petition in this case, the ADR Committee also submitted its Report and Recommendations Related to Parenting Coordination Training Standards, Procedures and Processes, which included a proposed administrative order, and was considered separately by the Court as an administrative matter.

After the petition was filed, the proposals were published for comment in The Florida Bar News. Comments were received, and the ADR Committee filed a response. Upon consideration of the petition, the comments, and the Committee's response, we adopt the amended and new rules as proposed.

**Amendments to Family Law Rule of Procedure 12.742 (Parenting Coordination)**

First, we adopt several amendments to rule 12.742. New subdivision (b) is adopted providing that each circuit shall establish a process for parenting coordinator qualification. New subdivision (g) is adopted providing that the court shall remove the parenting coordinator if the parenting coordinator becomes disqualified. Current subdivision (h) (Limitation of Authority) is reworded to (1) provide that the parenting coordinator cannot resolve substantive disputes between the parties, (2) provide a definition of a substantive dispute, and (3) provide that the parenting coordinator cannot make substantive recommendations concerning parental responsibility or timesharing to the court unless the court determines there is an emergency as defined by section 61.125(8), Florida Statutes (2013), the recommendation would be in the best interest of the child, and the parties agree that any parenting coordination communications that may be raised to support or challenge the recommendation will be permitted.

Current subdivision (j) (Written Communication with Court) is amended to (1) acknowledge that parenting coordinators are required by section 61.125 to

report certain emergencies to the court without giving notice to the parties, (2) require the parenting coordinator to use the new proposed form (discussed below) when reporting emergencies to the court, (3) require the parenting coordinator to file a written request for a status conference if unable to perform his or her duties in accordance with the court's direction, and (4) require the use of the new proposed form (discussed below) for requesting the status conference. New subdivision (n) provides the definition of a "parenting coordination session," and a new committee note is added encouraging the referral of parties to other ADR processes in order to aid the development of "voluntary and mutually self-determined" parenting plans.

## New Rules for Qualified and Court-Appointed Parenting Coordinators—Rule 15

Next, we adopt this new body of rules governing Parenting Coordinators. Part I sets forth ethical standards for parenting coordinators and reinforces the concepts of communication, negotiation, and facilitation upon which parenting coordination is based, as well as explaining the role of the parenting coordinator. The ethical standards address adherence to the role, competence, integrity, impartiality, conflicts of interest, compliance with statutory and other authority governing parenting coordination, marketing, adherence to other professional ethical standards by which the parenting coordinator is bound, confidentiality, duties regarding the initial session, fees, records, and responsibility to the courts.

Part II addresses discipline and provides simply that complaints alleging violations of the standards for qualified and court-appointed parenting coordinators shall be filed with the Dispute Resolution Center which shall be responsible for enforcing the standards.

**New and Amended Parenting Coordination Forms**

Finally, we amend existing forms 12.984 and 12.998 and adopt two new forms.

Family Law Rules of Procedure Form 12.998 (Order of Referral to Parenting Coordinator). This form is amended to add language about requesting a status conference in the event the parenting coordinator is unable to adequately perform the duties in accordance with the court's direction. It is also renumbered as form 12.984(a).

Family Law Rules of Procedure Form 12.984 (Response by Parenting Coordinator). This form is amended to incorporate the amendments to rule 12.742, and the new proposed Rules for Qualified and Court-Appointed Parenting Coordinators. It is renumbered as form 12.984(b).

New Family Law Rules of Procedure Form 12.984(c) (Parenting Coordinator Report of an Emergency). Under the proposed amendments to rule 12.742, this form will be used by parenting coordinators in order to report

emergencies to the court, in compliance with section 61.125(8), Florida Statutes (2013).

New Family Law Rules of Procedure Form 12.984(d) (Parenting Coordinator Request for Status Conference).  Under the proposed amendments to rule 12.742, this form will be used by the parenting coordinator to request status conferences in order to 1) request direction from the court, 2) request resolution by the court, 3) report noncompliance by a party, 4) report that the case is no longer appropriate for parenting coordination, 5) report that the parenting coordinator is no longer qualified, or 6) report that the parenting coordinator is unable or unwilling to continue to serve.

Accordingly, the Florida Family Law Rules of Procedure and forms are amended and the new Rules for Qualified and Court-Appointed Parenting Coordinators are adopted as set forth in the appendix to this opinion.  Language added to the rules is underscored; deleted language is struck through.  The committee notes are offered for explanation only and are not adopted as an official part of the rules.

The new and amended forms are fully engrossed and ready for use.  The forms may also be accessed and downloaded from the Florida State Courts' website at www.flcourts.org/resources-and-services/family-courts/family-law-self-

help-information/family-law-forms.stml.  By adoption of the amended forms, we

express no opinion as to their correctness or applicability.

The amended and new rules and forms are effective immediately upon the

release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – The Florida Family Law Rules of Procedure

William D. Palmer, Appellate Court Judge, Fifth District Court of Appeal, Chair, Committee on Alternative Dispute Resolution Rules and Policy, Daytona Beach, Florida, and Susan C. Marvin, Senior Staff Attorney, Dispute Resolution Center, Tallahassee, Florida,

for Petitioner

# APPENDIX

## Rule 12.742. Parenting Coordination

**(a)** [No change]

**(b) Qualification Process.** Each judicial circuit shall establish a process for determining that a parenting coordinator is qualified in accordance with the requirements established in the parenting coordination section of Chapter 61, Florida Statutes.

**(c)(b) Order Referring Parties to Parenting Coordinator.** An order referring the parties to a parenting coordinator must be in substantial compliance with Florida Family Law Rules of Procedure Form 12.99884(a). The order must specify the role, responsibility, and authority of the parenting coordinator.

**(d)(c) Appointment of Parenting Coordinator.** The parties may agree in writing on a parenting coordinator subject to the court's approval. If the parties cannot agree on a parenting coordinator, the court shall appoint a parenting coordinator qualified by law.

**(e)(d) Response by Parenting Coordinator.** The parenting coordinator must file a response accepting or declining the appointment in substantial compliance with Florida Family Law Rules of Procedure Form 12.984(b).

**(f)(e) Term of Service.** The term of the parenting coordinator shall be as specified in the order of appointment or as extended by the court. The initial term of service shall not exceed two years. The court shall terminate the service on:

    (1) – (2) [No change]

**(g) Removal of Parenting Coordinator.** The court shall remove the parenting coordinator if the parenting coordinator becomes disqualified under the parenting coordination section of Chapter 61, Florida Statutes, or if good cause is shown.

**(h)(f) Appointment of Substitute Parenting Coordinator.** If a parenting coordinator cannot serve or continue to serve, a substitute parenting coordinator may be chosen in the same manner as the original.

- 7 -

**(i)(g) Authority with Consent.** The parenting coordinator may have additional authority with express written consent. If there has been a history of domestic violence the court must find that consent has been freely and voluntarily given.

(1) – (3) [No change]

**(j)(h) Limitation of Authority.** ~~A parenting coordinator shall not have decision making authority to resolve substantive disputes between the parties. A dispute is substantive if it would~~

~~(1) significantly change the quantity or decrease the quality of time a child spends with either parent; or~~

~~(2) modify parental responsibility.~~

(1) A parenting coordinator shall not have decision making authority to resolve substantive disputes between the parties. A dispute is substantive if it would

(A) significantly change the quantity or decrease the quality of time a child spends with either parent; or

(B) modify parental responsibility.

(2) A parenting coordinator shall not make a substantive recommendation concerning parental responsibility or timesharing to the court unless the court on its own motion or a joint motion of the parties determines that:

(A) there is an emergency as defined by the parenting coordination section of Chapter 61, Florida Statutes,

(B) the recommendation would be in the best interest of the child, and

(C) the parties agree that any parenting coordination communications that may be raised to support or challenge the recommendation of the parenting coordinator will be permitted.

**(k)(i) Emergency Order.**

(1) **Consideration by the Court.** <u>Upon</u> ~~On~~ the filing of an affidavit or verified report of an emergency by the parenting coordinator, the court shall determine whether the facts and circumstances contained in the report constitute an emergency and whether an emergency order needs to be entered with or without notice to the parties to prevent or stop furtherance of the emergency. <u>Except for the entry of an ex parte order in accordance with (k)(2), the court shall set a hearing with notice to the parties to be held at the earliest possible time.</u>

(2) – (4) [No change]

**(<u>*l*</u>)~~(j)~~ Written Communication with Court.** The parenting coordinator may submit a written report or other written communication regarding any nonconfidential matter to the court. <u>Parenting coordinators are required, pursuant to the parenting coordination section of Chapter 61, Florida Statutes, to report certain emergencies to the court without giving notice to the parties. The parenting coordinator shall use a form in substantial compliance with Florida Family Law Rules of Procedure Form 12.984(c) when reporting any emergency to the court, whether or not notice to the parties is required by law. If the parenting coordinator is unable to adequately perform the duties in accordance with the court's direction, the parenting coordinator shall file a written request for a status conference and the court shall set a timely status hearing. The parenting coordinator shall use a form in substantial compliance with Florida Family Law Rules of Procedure Form 12.984(d) to request a status conference. When notice to the parties is required, t</u>~~T~~he parenting coordinator must contemporaneously serve each party with a copy of the written communication.

**(m)~~(k)~~ Testimony and Discovery.** A parenting coordinator shall not be called to testify or be subject to the discovery rules of the Florida Family Law Rules of Procedure unless the court makes a prior finding of good cause. A party must file a motion, alleging good cause why the court should allow the parenting coordinator to testify or be subject to discovery. The requesting party shall serve the motion and notice of hearing on the parenting coordinator. The requesting party shall initially be responsible for the parenting coordinator's fees and costs incurred as a result of the motion.

**(n) Parenting Coordination Session.** <u>A parenting coordination session occurs when a party and the parenting coordinator communicate with one another. A parenting coordination session may occur in the presence or with the</u>

participation of persons in addition to a party and the parenting coordinator. Unless otherwise directed by the court, the parenting coordinator shall determine who may be present during each parenting coordination session including, without limitation, attorneys, parties, and other persons.

**Committee Notes**

**2010 Adoption.** The provisions of subdivision (k) do not abrogate the confidentiality provisions of section 61.125, Florida Statutes. An exception to confidentiality must apply before invoking this subdivision of the rule.

**2014 Revision.** Parties are more likely to comply with a parenting plan which has been voluntarily and mutually self-determined by the parties without undue outside influence. Courts therefore should consider referring parties to mediation prior to parenting coordination when a parenting plan has not been agreed to by the parties or adopted by the court. Courts are also encouraged to review what additional forms of alternative dispute resolution as well as social, psychological and educational interventions may best assist the parties in a timely manner. In cases where parties are referred to a parenting coordinator to adopt or create a parenting plan, the court should consider whether the parties would be better served by the court determining certain aspects of the parenting plan (such as parental responsibility, time sharing schedule, etc.) prior to referral to a parenting coordinator. New subdivisions (b), (g), (j)(2), (*l*), and (n) were added and others were renumbered accordingly.

## RULES FOR QUALIFIED AND COURT-APPOINTED PARENTING COORDINATORS

## Part I.  STANDARDS

## Rule 15.000.  Applicability of Standards

These standards apply to all qualified parenting coordinators and court-appointed parenting coordinators. A qualified parenting coordinator is anyone who is qualified to serve as a parenting coordinator pursuant to the parenting coordination section of Chapter 61, Florida Statutes, and has been approved by the court to serve as a qualified parenting coordinator or to be on a qualified parenting coordination panel for any circuit.

## Rule 15.010.  Parenting Coordination Defined

Parenting coordination is a child-focused alternative dispute resolution process whereby a parenting coordinator assists the parents in creating or implementing a parenting plan by facilitating the resolution of disputes between the parents by providing education, making recommendations, and, with the prior approval of the parents and the court, making limited decisions within the scope of the court's order of referral. For the purposes of these standards, "parent" refers to the child's mother, father, legal guardian, or other person who is acting as a parent and guardian.

## Rule 15.020.  Parenting Coordination Concepts

Parenting coordination is a child-focused alternative dispute resolution process that emphasizes the needs and interests of children, parents and families. It is based on the concepts of communication, education, negotiation, facilitation, and problem-solving. The role of a parenting coordinator includes the integration of skills and core knowledge drawn primarily from the areas of mental health, law, and conflict resolution.

## Rule 15.030.  Competence

**(a) Professional Competence.** Parenting coordinators shall acquire and maintain professional competence in parenting coordination. A parenting coordinator shall regularly participate in educational activities promoting professional growth.

**(b) Circumstances Affecting Role.** Parenting coordinators shall withdraw from the parenting coordination role if circumstances arise which impair the parenting coordinators' competency.

**(c) Skill and Experience.** A parenting coordinator shall decline an appointment, withdraw, or request appropriate assistance when the facts and circumstances of the case are beyond the parenting coordinator's skill or experience.

**(d) Knowledge.** A parenting coordinator shall maintain knowledge of all current statutes, court rules, local court rules, and court and administrative orders relevant to the parenting coordination process.

## Rule 15.040.  Integrity

**(a) Avoiding Dual Relationships.** A parenting coordinator shall not accept the role of parenting coordinator if there has been a prior personal, professional or business relationship with the parties or their family members. A parenting coordinator shall not enter into a personal, professional or business relationship with the parties or their family members during the parenting coordination process or for a reasonable time after the parenting coordination process has concluded.

**(b) Respect for Diversity.** Parenting coordinators shall not allow their personal values, morals, or religious beliefs to undermine or influence the parenting coordination process or their efforts to assist the parents and children. If the parenting coordinator has personal, moral, or religious beliefs that will interfere with the process or the parenting coordinator's respect for persons involved in the parenting coordination process, the parenting coordinator shall decline the appointment or withdraw from the process.

**(c) Inappropriate Activity.** Parenting coordinators shall not engage in any form of harassment or exploitation of parents, children, students, trainees, supervisees, employees, or colleagues.

**(d) Misrepresentation.** A parenting coordinator shall not intentionally or knowingly misrepresent any material fact or circumstance in the course of conducting a parenting coordination process.

**(e) Demeanor.** A parenting coordinator shall be patient, dignified, and courteous during the parenting coordination process.

**(f) Maintaining Integrity.** A parenting coordinator shall not accept any engagement, provide any service, or perform any act that would compromise the parenting coordinator's integrity.

**(g) Avoiding Coercion.** A parenting coordinator shall not unfairly influence the parties as a means to achieve a desired result.

**Committee Notes**

Any sexual relationship between a parenting coordinator and a party or a party's family member is a form of exploitation and creates a dual relationship and therefore would be considered a violation of these standards.

A parenting coordinator may at times direct a party's conduct. An example is when a parenting coordinator encourages compliance with a parenting plan by pointing out possible consequences of a party's course of action. However, the means to direct behavior should not include unfairly influencing the parties. Examples of unfairly influencing the parties include lying to the parties or exaggerating the parenting coordinator's power to influence the court.

## Rule 15.050.  Advice, Recommendations, and Information

**(a) Informing Parties of Risks.**  Prior to a parenting coordinator making substantive recommendations to the parties regarding timesharing and parental responsibilities, the parenting coordinator should inform the parties of the inherent risk of making substantive recommendations without adequate data.

**(b) Right to Independent Counsel.**  When a parenting coordinator believes a party does not understand or appreciate the party's legal rights or obligations, the parenting coordinator shall advise the party of the right to seek independent legal counsel.

## Rule 15.060. Impartiality

**(a) Freedom from Favoritism and Bias.**  A parenting coordinator shall conduct the parenting coordination process in an impartial manner.  Impartiality means freedom from favoritism or bias in word, action, and appearance.

**(b) Disclosure.**  A parenting coordinator shall advise all parties of circumstances which may impact impartiality including but not limited to potential conflicts of interest bearing on possible bias, prejudice, or impartiality.

**(c) Influence.**  A parenting coordinator shall not be influenced by outside pressure, bias, fear of criticism, or self-interest.

**(d) Gifts.**  A parenting coordinator shall not give, accept or request a gift, favor, loan, or other item of value to or from a party, attorney, or any other person involved in and arising from any parenting coordination process.

**(e) Prohibited Relationships.**  After accepting appointment, and for a reasonable period of time after the parenting coordination process has concluded, a parenting coordinator shall avoid entering into family, business, or

- 13 -

personal relationships which could affect impartiality or give the appearance of partiality, bias, or influence.

**(f) Withdrawal.**  A parenting coordinator shall withdraw from a parenting coordination process if the parenting coordinator can no longer be impartial.

## Rule 15.070.  Conflicts of Interest

**(a) Generally.**  A parenting coordinator shall not serve as a parenting coordinator in a matter that presents a clear or undisclosed conflict of interest. A conflict of interest arises when any relationship between the parenting coordinator and the parenting coordination participants or the subject matter of the dispute compromises or appears to compromise the parenting coordinator's impartiality.

**(b) Disclosure.**  The burden of disclosure rests on the parenting coordinator. All such disclosures shall be made as soon as practical after the parenting coordinator becomes aware of the interest or relationship.  After appropriate disclosure, the parenting coordinator may serve if all parties agree.  However, if a conflict of interest clearly impairs a parenting coordinator's impartiality, the parenting coordinator shall withdraw regardless of the express agreement of the parties.

**(c) Solicitation Prohibited.**  A parenting coordinator shall not use the parenting coordination process to solicit, encourage, or otherwise incur future professional services with any party.

### Committee Notes

The parenting coordination process may take place over a long period of time.  Therefore, the parenting coordinator may initially accept an appointment where a potential conflict does not exist, but arises during the course of the parenting coordination process.

The disclosure requirements in this subdivision do not abrogate subdivision 15.040 (a) which prohibits a parenting coordinator from accepting the role of parenting coordinator if there has been a prior personal, professional or business relationship with the parties' or their family members.  It is intended to address situations in which the conflict arises after the acceptance of appointment and encourage the timely disclosure to the parties.

## Rule 15.080.  Scheduling the Parenting Coordination Process

A parenting coordinator shall schedule parenting coordination sessions in a manner that provides adequate time for the process.  A parenting coordinator shall perform parenting coordination services in a timely fashion, avoiding delays whenever possible.

## Rule 15.090.  Compliance with Authority

A parenting coordinator shall comply with all statutes, court rules, local court rules, and court and administrative orders relevant to the parenting coordination process.

## Rule 15.100.  Improper Influence

A parenting coordinator shall refrain from any activity that has the appearance of improperly influencing a court to secure an appointment to a case.

## Rule 15.110. Marketing Practices

**(a) False or Misleading Marketing Practices.**  A parenting coordinator shall not engage in any marketing practice, including advertising, which contains false or misleading information.  A parenting coordinator shall ensure that any marketing of the parenting coordinator's qualifications, services to be rendered, or the parenting coordination process is accurate and honest.

**(b) Qualification.**  Any marketing practice in which a parenting coordinator indicates that such parenting coordinator is "qualified" is misleading unless the parenting coordinator indicates the Florida judicial circuits in which the parenting coordinator has been qualified.

**(c) Prior Adjudicative Experience.**  Any marketing practice is misleading if the parenting coordinator states or implies that prior adjudicative experience, including, but not limited to, service as a judge, magistrate, or administrative hearing officer, makes one a better or more qualified parenting coordinator.

**(d) Prohibited Claims or Promises.**  A parenting coordinator shall not make claims of achieving specific outcomes or promises implying favoritism for the purpose of obtaining business.

**(e) Additional Prohibited Marketing Practices.** A parenting coordinator shall not engage in any marketing practice that diminishes the importance of a party's right to self-determination or the impartiality of the parenting coordinator, or that demeans the dignity of the parenting coordination process or the judicial system.

### Committee Note

The roles of a parenting coordinator and an adjudicator are fundamentally distinct. The integrity of the judicial system may be impugned when the prestige of the judicial office is used for commercial purposes. When engaging in any parenting coordinator marketing practice, a former adjudicative officer should not lend the prestige of the judicial office to advance private interests in a manner inconsistent with this rule. For example, the depiction of a parenting coordinator in judicial robes or use of the word "judge" with or without modifiers to the parenting coordinator's name would be inappropriate. However, an accurate representation of the parenting coordinator's judicial experience would not be inappropriate.

## Rule 15.120. Concurrent Standards

Other ethical standards to which a parenting coordinator may be professionally bound are not abrogated by these rules. In the course of performing parenting coordination services, however, these rules prevail over any conflicting ethical standards to which a parenting coordinator may otherwise be bound.

## Rule 15.130. Relationship with Other Professionals

A parenting coordinator shall respect the role of other professional disciplines in the parenting coordination process and shall promote cooperation between parenting coordinators and other professionals.

## Rule 15.140. Confidentiality

**(a) Preservation of Confidentiality.** A parenting coordinator shall maintain confidentiality of all communications made by, between, or among the parties and the parenting coordinator except when disclosure is required or permitted by law or court order. The parenting coordinator shall maintain confidentiality of all records developed or obtained during the parenting coordination process in accordance with law or court order.

**(b) Use of Materials for Educational Purposes.**  A parenting coordinator shall not disclose the identity of the parents, children, or other persons involved in the parenting coordination process when information is used in teaching, writing, consulting, research, and public presentations.

**(c) Record Keeping.**  A parenting coordinator shall maintain privacy in the storage and disposal of records and shall not disclose any identifying information when materials are used for research, training, or statistical compilations.

**Rule 15.150. Notice and Initial Session**

**(a)  Notice of Fees.**  Prior to an initial meeting with the parties in a parenting coordination session, the parenting coordinator shall provide written notice of all fees, costs, methods of payment and collection.

**(b) Initial Session.**  At the initial session a parenting coordinator shall, in person, describe the terms of the Order of Referral, if any, and inform the participants in writing of the following:

(1) the parenting coordination process, the role of the parenting coordinator and the prohibition against dual roles;

(2) parenting coordination is an alternative dispute resolution process wherein a parenting coordinator assists parents in creating or implementing a parenting plan;

(3) the parenting coordinator may provide education and make recommendations to the parties, and, with prior approval of the parents and the court, make non-substantive decisions;

(4) communications made during the parenting coordination session are confidential, except where disclosure is required or permitted by law;

(5) all fees, costs, methods of payment, and collections related to the parenting coordination process;

(6) the court's role in overseeing the parenting coordination process, including a party's right to seek court intervention;

(7) the party's right to seek legal advice; and

(8) the extent to which parties are required to participate in the parenting coordination process.

## Rule 15.160.  Fees and Costs

A parenting coordinator holds a position of trust.  Fees shall be reasonable and be guided by the following general principles:

**(a)  Changes in Fees, Costs, or Payments.**  Once services have begun, parenting coordinators shall provide advance written notice of any changes in fees or other charges.

**(b) Maintenance of Financial Records.**  Parenting coordinators shall maintain the records necessary to support charges for services and expenses, and, upon request, shall make an accounting to the parents, their counsel, or the court.

**(c) Equitable Service.**  Parenting coordinators shall provide the same quality of service to all parties regardless of the amount of each party's financial contribution.

**(d) Basis for Charges.**  Charges for parenting coordination services based on time shall not exceed actual time spent or allocated.

**(e)  Costs.**  Charges for costs shall be for those actually incurred.

**(f)  Expenses.**  When time or expenses involve two or more parenting coordination processes on the same day or trip, the time and expense charges shall be prorated appropriately.

**(g)  Written Explanation of Fees.**  A parenting coordinator shall give the parties and their counsel a written explanation of any fees and costs prior to the parenting coordination process.  The explanation shall include the:

(1) basis for and amount of any charges for services to be rendered, including minimum fees and travel time;

(2) amount charged for the postponement or cancellation of parenting coordination sessions and the circumstances under which such charges will be assessed or waived;

(3) basis and amount of charges for any other items; and

(4) parties' pro rata share of the parenting coordinator's fees and costs if previously determined by the court or agreed to by the parties.

(h) **Maintenance of Records.** A parenting coordinator shall maintain records necessary to support charges for services and expenses and, upon request, shall make an accounting to the parties, their counsel, or the court.

(i) **Remuneration for Referrals**. No commissions, rebates, or similar remuneration shall be given or received by a parenting coordinator for a parenting coordination referral.

(j) **Contingency Fees Prohibited.** A parenting coordinator shall not charge a contingent fee or base a fee on the outcome of the process.

## Rule 15.170. Records

(a) **Documentation of Parenting Coordination Process.**  Parenting coordinators shall maintain all information and documents related to the parenting coordination process.

(b) **Record Retention.**  Parenting coordinators shall maintain confidentiality and comply with applicable law when storing and disposing of parenting coordination records.

(c) **Relocation or Closing the Parenting Coordination Practice.**  A parenting coordinator shall provide public notice of intent to relocate or close his or her practice.  The notification shall include instructions on how parties' may obtain a copy of their records or arrange for their records to be transferred.

## Rule 15.180. Safety, Capacity, and Protection

(a) **Monitoring.**  Parenting coordinators shall monitor the process for domestic violence, substance abuse, or mental health issues and take appropriate action to address any safety concerns.

**(b) Injunctions for Protection.**  Parenting coordinators shall honor the terms of all active injunctions for protection and shall not seek to modify the terms of an injunction.

**(c) Terminating Process Based on Safety Concerns.**  Parenting coordinators shall suspend the process and notify the court when the parenting coordinator determines it is unsafe to continue.

**(d) Adjournment or Termination.**  A parenting coordinator shall adjourn or terminate a parenting coordination process if any party is incapable of participating meaningfully in the process.

## Rule 15. 190.  Education and Training

Parenting coordinators shall comply with any statutory, rule or court requirements relative to qualifications, training, and education.

## Rule 15. 200.  Responsibility to the Courts

**(a) Candid with Referring Court.**  Parenting coordinators shall be candid, accurate, and responsive to the court concerning the parenting coordinators' qualifications, availability and other administrative matters.

**(b) Providing Information to the Court.**  When parenting coordinators provide information to the court, parenting coordinators shall do so in a manner that is consistent with court rules and statutes.  Parenting coordinators shall notify the referring court when the court orders conflict with the parenting coordinator's professional ethical responsibilities.  Parenting coordinators shall notify the court when it is appropriate to terminate the process.  A parenting coordinator shall be candid, accurate, and fully responsive to the court concerning the parenting coordinator's qualifications, availability, and other administrative matters.

## Part II.  DISCIPLINE

## Rule 15.210.  Procedure

Any complaint alleging violations of the Rules For Qualified And Court-Appointed Parenting Coordinators, Part I: STANDARDS, shall be filed with the

<u>Dispute Resolution Center which shall be responsible for enforcing these Standards.</u>

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# ORDER OF REFERRAL TO PARENTING COORDINATOR

The Court considered the (   ) motion of the court, (   ) joint motion of the parties, (   ) motion of a party, reviewed the court file, and considered the testimony presented.  Based upon this information, the court **FINDS** that:

A.  **Appropriateness of Process.** This matter is appropriate for parenting coordination and it is in the best interest of the child(ren).

B.  **Parenting Coordination Process.**  Parenting coordination is a child-focused alternative dispute resolution process whereby a parenting coordinator assists the parents in creating or implementing their parenting plan by facilitating the resolution of disputes, providing education and making recommendations to the parents; and, with the prior consent of the parents and approval of the court, making limited decisions within the scope of this order of referral.

C.  **Parenting Coordinator.**  A parenting coordinator is an impartial third person whose role is to assist the parents in successfully creating or implementing a parenting plan.

D.  **Selection of Parenting Coordinator.**  The parenting coordinator was selected by:
[**Choose only one**]
_____ parties' agreement.
_____ the court.

E.  **History of Domestic Violence.**   Based on testimony and evidence presented and a review of related court records, the court has determined:
[**Choose all that apply**]
_____ There is no history of domestic violence.

_____ There has been a history of domestic violence, and:

1.  _____ Each party has had an opportunity to consult with an attorney or domestic violence advocate before this court has accepted the parties' consent; and

Florida Family Law Rules of Procedure Form 12.984(a), Order of Referral to Parenting Coordinator (07/14)

- 22 -

2. ____ Each party has consented to this referral and the consent has been given freely and voluntarily.

It is therefore, **ORDERED**:

1. **Parenting Coordinator.** The parties are referred to the following parenting coordinator for an initial period of _____months:

   Name: _____
   Address: _____
   _____
   Telephone: _____
   Fax Number: _____
   Email: _____

   a. The parenting coordinator shall file a response to this Order within 30 days either accepting or declining the appointment. The response to the appointment must be in substantial compliance with Florida Family Law Rules of Procedure Form 12.984(b).

   b. The parties or their attorneys must provide to the parenting coordinator copies of all pleadings and orders related to domestic violence and any other pleadings and orders requested by the parenting coordinator related to parenting coordination.

2. **Meetings.** Unless prohibited herein as a domestic violence safeguard or by another court order, the parenting coordinator may meet with the parties and/or child(ren) together or separately, in person or by any electronic means.

3. **Domestic Violence Safeguards.** The parties shall adhere to all provisions of any injunction for protection or conditions of bail, probation, or a sentence arising from criminal proceedings. In addition to any safety measures the parenting coordinator deems necessary, the following domestic violence safeguards must be implemented:

   [Choose **all** that apply]
   ____ None are necessary.
   ____ No joint meetings
   ____ No direct negotiations
   ____ No direct communications
   ____ Other: _____

4. **Role, Responsibility, and Authority of Parenting Coordinator.** The parenting coordinator shall have the following role, responsibility, and authority:

   a. Assisting the parents in creating and implementing a parenting plan.

   b. Facilitating the resolution of disputes regarding the creation or implementation of the Parenting Plan.

c.  Recommending to the parents strategies for creating or implementing the Parenting Plan. Such recommendations may include that one or both parents avail themselves of accessible and appropriate community resources, including, but not limited to, random drug screens, parenting classes, and individual psychotherapy or family counseling, if there is a history or evidence that such referrals are appropriate.

d.  Recommending to the parents changes to the Parenting Plan.

e.  Educating the parties to effectively:
   i.    Parent in a manner that minimizes conflicts;
   ii.   Communicate and negotiate with each other and their child(ren);
   iii.  Develop and apply appropriate parenting skills;
   iv.   Understand principles of child development and issues facing child(ren) when their parents no longer live together;
   v.    Disengage from the other parent when engagement leads to conflicts and non-cooperation;
   vi.   Identify the sources of their conflict with each other and work jointly to minimize conflict and lessen its deleterious effects on the child(ren); and,
   vii.  Allow the child(ren) to grow up free from the threat of being caught in the middle of their parents' disputes.

f.  Reporting or communicating with the court concerning nonconfidential matters as provided in paragraph 6 of this Order. In the event the parenting coordinator is unable to adequately perform the duties in accordance with the court's direction, the parenting coordinator shall file a written request for a status conference and the court shall set a timely status hearing. The request for status conference must be in substantial compliance with Florida Family Law Rules of Procedure Form 12.984(d). A report to the court of an emergency pursuant to section 61.125(8), Florida Statutes, must be in substantial compliance with Florida Family Law Rules of Procedure Form 12.984(c).

g.  Communicating with the parties and their child(ren), separately or together, in person or by telephone, unless otherwise prohibited by court order or applicable law.

5.  **Fees and Costs for Parenting Coordination.**
    [Choose **all** that apply]
    a.  _____ The parties have consented to this referral to parenting coordination.

        _____ This order is without the consent of the parties, but the court has determined that the parties have the financial ability to pay the parenting coordination fees and costs.

    b.  _____The court allocates payment of fees and costs for parenting coordination as follows:
        Hourly rate of compensation shall not exceed $_____, unless the parties otherwise agree.
        _____ % shall be paid by the Father.
        _____ % shall be paid by the Mother.
        _____ Other: _____

If a party causes the parenting coordinator to expend an unreasonable and unnecessary amount of time, that party may be held solely responsible for payment of the parenting coordinator's fees and costs for such time expended, and the court reserves jurisdiction to reallocate the payment of fees and costs in that event. Failure to pay the parenting coordinator's fees and costs in a timely manner may subject the party to sanctions for contempt of court.

6. **Confidentiality.** All communications made by, between, or among the parties and the parenting coordinator during parenting coordination sessions are confidential. The parenting coordinator and each party may not testify or offer evidence about communications made by a party or the parenting coordinator during the parenting coordination sessions, except if:

   a. Necessary to identify, authenticate, confirm, or deny a written agreement entered into by the parties during parenting coordination.

   b. The testimony or evidence is necessary to identify an issue for resolution by the court without otherwise disclosing communications made by any party or the parenting coordinator.

   c. The testimony or evidence is limited to the subject of a party's compliance with this Order of Referral to Parenting Coordinator, orders for psychological evaluation, counseling ordered by the court or recommended by a health care provider, or for substance abuse testing or treatment.

   d. The parenting coordinator reports that the case is no longer appropriate for parenting coordination.

   e. The parenting coordinator reports that he or she is unable or unwilling to continue to serve and that a successor parenting coordinator should be appointed.

   f. The testimony or evidence is necessary pursuant to section 61.125(5)(b) or section 61.125(8), Florida Statutes.

   g. The parenting coordinator is not qualified to address or resolve certain issues in the case and a more qualified coordinator should be appointed.

   h. The parties agree that the testimony or evidence be permitted.

   i. The testimony or evidence is necessary to protect any person from future acts that would constitute domestic violence under Chapter 741, Florida Statutes; child abuse, neglect, or abandonment under Chapter 39, Florida Statutes; or abuse, neglect, or exploitation of an elderly or disabled adult under Chapter 825, Florida Statutes.

7. **Agreement on Nonconfidentiality.** The parties can agree to waive confidentiality of a specific communication or all communications. The waiver must be in writing, signed by the parties and their respective counsel. The waiver shall be filed with the court and a copy served on the parenting coordinator. Either party may revoke their waiver of confidentiality by providing written

notice signed by that party. The revocation shall be filed with the court and a copy served on the other party and the parenting coordinator.

8. **Scheduling.** Each party shall contact the parenting coordinator within 10 days of the date of this Order to schedule the first appointment. The parenting coordinator shall determine the schedule for subsequent appointments.

9. **Stipulation. Any written stipulation of parties to utilize the parenting coordination process filed with this court is incorporated into this Order.**

ORDERED ON *{date}* _____.

_____
CIRCUIT JUDGE

Copies to:

_____Petitioner

_____Attorney for Petitioner

_____Respondent

_____Attorney for Respondent

_____Other:_____

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.984(b)
## RESPONSE BY PARENTING COORDINATOR (07/14)

### When should this form be used?

A person appointed as a parenting coordinator must accept or decline the appointment under Florida Family Law Rule of Procedure 12.742(e). If you accept the appointment, you must complete paragraphs 1(a) and 2 and sign it.  If you decline the appointment, you must complete only paragraph 1(b) and sign the form.  This form should be typed or printed in black ink.

### Important Consideration Before Responding.

A Qualified Parenting Coordinator or other licensed mental health professional under Chapter 490 or 491, Florida Statutes, shall abide by the ethical and other professional standards imposed by his or her licensing authority, certification board, or both, as applicable.

A person who is not a Qualified Parenting Coordinator or a licensed mental health professional under Chapter 490 or 491, Florida Statutes, shall not accept an appointment to serve as parenting coordinator in a matter that presents an apparent or undisclosed conflict of interest. A conflict of interest arises when any relationship between the parenting coordinator and either party compromises or appears to compromise the parenting coordinator's ability to serve.  The burden of disclosure of any potential conflict of interest rests on the parenting coordinator. Disclosure shall be made as soon as practical after the parenting coordinator becomes aware of the potential conflict of interest.  If a parenting coordinator makes an appropriate disclosure of a conflict of interest or a potential conflict of interest, he or she may serve if all parties agree. However, if a conflict of interest substantially impairs a parenting coordinator's ability to serve, the parenting coordinator shall decline the appointment or withdraw regardless of the express agreement of the parties.

A parenting coordinator shall not provide any services to either party that would impair the parenting coordinator's ability to be neutral.

### What should I do next?

After completing and signing this form, you must file the original with the clerk of the circuit court in the county in which the action is pending and keep a copy for your records.

You must mail or hand-deliver a copy of this form to the attorney(s) for the parents or, if not represented by an attorney, to the parents.

### Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  For more information, see section 61.125, Florida Statutes; Florida Family Law Rule of Procedure 12.742; Rules for Qualified and Court Appointed

Parenting Coordinators; and the **Order of Referral to Parenting Coordinator**, Florida Family Law Rules of Procedure Form 12.984(a).

## Special notes

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
        and

_____,
                    Respondent.

# RESPONSE BY PARENTING COORDINATOR

I, {name}_____notify the Court and affirm the following:

1. Acceptance.
   [Choose only **one**]
   a. _____ I accept the appointment as parenting coordinator.
   b. _____ I decline the appointment as parenting coordinator.

2. Qualifications.
   [Choose only **one**]
   a. _____ I meet the qualifications in section 61.125(4), Florida Statutes.
   b. _____ I do not meet the qualifications in section 61.125(4), Florida Statutes. However, the parties have chosen me by mutual consent and I believe I can perform the services of a parenting coordinator because: _____
   _____
   _____

3. I am not aware of any conflict, circumstance, or reason that renders me unable to serve as the parenting coordinator in this matter and I will immediately inform the court and the parties if such arises.

4. I understand my role, responsibility, and authority under the Order of Referral to Parenting Coordinator, Florida Family Law Rules of Procedure Form 12.984(a); section 61.125, Florida Statutes; Florida Family Law Rule of Procedure 12.742; and Rules for Qualified and Court Appointed Parenting Coordinators.

**I hereby affirm the truth of the statements in this acceptance and understand that if I make any false representations in this acceptance, I am subject to sanctions by the Court.**


_____          _____

Date                                           Signature of Parenting Coordinator

Printed Name:_____

Address: _____

City, State, Zip: _____

Telephone Number: _____

E-mail:_____

Professional License # (if applicable) _____

Professional Certification # (if applicable) _____

Copies to:

_____Petitioner

_____Attorney for Petitioner

_____Respondent

_____Attorney for Respondent

_____Other: _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks]  This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}*_____,

*{address}* _____,

*{city}* _____,*{state}* _____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.984(c)
## PARENTING COORDINATOR REPORT OF AN EMERGENCY (07/14)

## When should this form be used?

A person appointed as a parenting coordinator must immediately inform the court of an emergency situation pursuant to section 61.125(8), Florida Statutes. This form is used by the parenting coordinator to report an emergency with or without notice to the parties. It is critical to differentiate whether notice to the parties is required under the facts of any emergency.

Report With Notice.  A parenting coordinator, upon information and belief, must immediately inform the court by affidavit or verified report of an emergency in which a party obtains a final order or injunction of protection against domestic violence or is arrested for an act of domestic violence as provided under chapter 741, Florida Statutes.

Report Without Notice.  A parenting coordinator must immediately inform the court by affidavit or verified report of an emergency situation if:

1. There is a reasonable cause to suspect that a child will suffer or is suffering abuse, neglect, or abandonment as provided under chapter 39, Florida Statutes;

2. There is a reasonable cause to suspect a vulnerable adult has been or is being abused, neglected, or exploited as provided under chapter 415, Florida Statutes;

3. A party, or someone acting on a party's behalf, is expected to wrongfully remove or is wrongfully removing the child from the jurisdiction of the court without prior court approval or compliance with the requirements of section 61.13001, Florida Statutes. If the parenting coordinator suspects that the parent has relocated within the state to avoid domestic violence, the coordinator may not disclose the location of the parent and child unless required by court order.

This form should be typed or printed in black ink.

## What should I do next?

After completing and signing this form, you must file the original with the clerk of the circuit court in the county in which the action is pending, provide a copy to the presiding judge, and keep a copy for your records.

Report With Notice.  If notice to the parties is required under section 61.125(8)(b), Florida Statutes, you must also mail or hand deliver a copy of this form to attorney(s) for the parents or, if not represented by an attorney, to the parents.

Report Without Notice.  If notice to the parties is not required, you must mail or hand-deliver a copy of this form to the Judge presiding over the case.

Instructions for Florida Family Law Rules of Procedure Form 12.984(c), Parenting Coordinator Report of an Emergency (07/14)

- 31 -

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For more information, see section 61.125, Florida Statutes; Florida Family Law Rule of Procedure 12.742; Rules for Qualified and Court Appointed Parenting Coordinators; and the **Order of Referral to Parenting Coordinator**, Florida Family Law Rules of Procedure Form 12.984(a).

# Special notes

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.984(c), Parenting Coordinator Report of an Emergency (07/14)

- 32 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# PARENTING COORDINATOR REPORT OF AN EMERGENCY

The undersigned parenting coordinator reports an emergency to the court:

1. _____ With notice to the parties.  A party has obtained a final order or injunction of protection against domestic violence or has been arrested for an act of domestic violence as provided under chapter 741, F.S.

2. _____ Without notice to the parties pursuant to section 61.125 (8)(a), Florida Statutes, because: (choose all that apply)

   a. _____ There is a reasonable cause to suspect that a child will suffer or is suffering abuse, neglect, or abandonment as provided under chapter 39, Florida Statutes.

   b. _____ There is a reasonable cause to suspect a vulnerable adult has or is being abused, neglected, or exploited as provided under chapter 415, Florida Statutes.

   c. _____ A party, or someone acting on a party's behalf, is expected to wrongfully remove or is wrongfully removing the child from the jurisdiction of the court without prior approval or compliance with the requirements of section 61.13001, Florida Statutes.

3. Describe the emergency: _____

_____

_____.

### VERIFICATION BY PARENTING COORDINATOR

I, _____ (name of parenting coordinator) do hereby

swear or affirm that the facts contained in this Parenting Coordinator Report of an Emergency are true

and correct to the best of my knowledge and belief.


_____

Date                          Signature of Parenting Coordinator
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail:                                   _
Professional License # (if applicable)      -
Professional Certification # (if applicable) _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
[Print, type, or stamp commissioned name of notary or deputy clerk.]


_____ Personally known
_____ Produced identification
       Type of identification produced _____

Copies to:

_____Presiding Judge

_____Petitioner

_____ Attorney for Petitioner

_____ Respondent

_____ Attorney for Respondent

_____ Other: _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was completed with the assistance of:
*{name of individual}* _____,

*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.984(d)
# PARENTING COORDINATOR REQUEST FOR STATUS CONFERENCE
# (07/14)

## When should this form be used?

A person appointed as a parenting coordinator may request a status conference with the judge and parties under Florida Family Law Rule of Procedure 12.742(l). This form is used when the parenting coordinator is unable to adequately perform the duties in accordance with the court's direction.

This form should be typed or printed in black ink.

## What should I do next?

After completing and signing this form, you must file the original with the clerk of the circuit court in the county in which the action is pending, provide a copy to the presiding judge, and keep a copy for your records.

You must mail or hand-deliver a copy of this form to the attorney(s) for the parents or, if not represented by an attorney, to the parents.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For more information, see section 61.125, Florida Statutes; Florida Family Law Rule of Procedure 12.742; Rules for Qualified and Court Appointed Parenting Coordinators; and the **Order of Referral to Parenting Coordinator**, Florida Family Law Rules of Procedure Form 12.984(a).

## Special notes

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.984(d) Parenting Coordinator Request for Status Conference (07/14)

- 36 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# PARENTING COORDINATOR REQUEST FOR STATUS CONFERENCE

The undersigned Parenting Coordinator requests a status conference in this case:
(choose all that apply)

1. _____ To request direction from the court concerning: _____

_____

_____.

2. _____ To request resolution by the court regarding: _____

_____

_____.

3. _____ To report _____ petitioner's_____ respondent's noncompliance with the Order of Referral to

Parenting Coordinator, orders for psychological evaluation, counseling ordered by the court

or recommended by a health care provider, or for substance abuse testing or treatment.

4. _____ To report that the case is no longer appropriate for parenting coordination.

5. _____ To report that the undersigned parenting coordinator is not qualified to address or resolve

certain issues in this case and a more qualified successor parenting coordinator should be

appointed.

6. _____ The undersigned parenting coordinator is unable or unwilling to continue to serve and a

successor parenting coordinator should be appointed.

WHEREFORE, the undersigned Parenting Coordinator requests that a Status Conference be set
by the Court.

Florida Family Law Rules of Procedure Form 12.984(d) Parenting Coordinator Request for Status Conference
(07/14)

- 37 -

_____  _____
Date                     Signature of Parenting Coordinator
                         Printed Name: _____
                         Address: _____
                         City, State, Zip: _____
                         Telephone Number: _____
                         E-mail: _____
                         Professional License # (if applicable) _____
                         Professional Certification # (if applicable) _____

Copies to:

_____ Presiding Judge

_____ Petitioner

_____ Attorney for Petitioner

_____ Respondent

_____ Attorney for Respondent

_____ Other: _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks] This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{telephone number}* _____.